FILED
APR 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Freddie B. Coleman, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>United States of America, )<br>)<br>Respondent. ) | Civil Action No. 08 0629 |

## MEMORANDUM OPINION

Petitioner, a federal prisoner in Oakdale, Louisiana, has filed an "Independent Action" to vacate his judgment of conviction entered by the Middle District of Georgia. Invoking Federal Rule of Civil Procedure 60(b)(4), petitioner appears to claim that the judgment is void because the sentencing court lacked subject-matter jurisdiction. For the following reasons, the Court will dismiss this case for lack of jurisdiction.

Judicial review of a federal conviction and sentence is available under 28 U.S.C. § 2255, which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).



3

Under the circumstances presented, the civil rules of procedure apply only "to the extent that the practice in [habeas] proceedings is not specified in a federal statute . . . or the Rules Governing Section 2255 Cases." Fed. R. Civ. P. 81(a)(4) (2007). Thus, in the absence of any basis for finding petitioner's remedy under § 2255 inadequate or ineffective, this civil court lacks jurisdiction to entertain petitioner's Independent Action under Rule 60(b). *See Woodford v. Garceau*, 538 U.S. 202, 208 (2003) ("The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules."). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: March 25, 2008